JACINTO CARVAJAL, Petitioner and Appellant, v. PUERTO RICO INSULAR POLICE COMMISSION, Respondent and Appellee.

No. 9656. Argued May 3, 1948.—Decided May 17, 1948.

*C. Andréu Ribas* for appellant. *Luis Negrón Fernández, Attorney General,* and *A. Torres Braschi, Assistant Attorney General,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

In the judgment rendered by the District Court of San Juan in this case it was stated that the facts accepted in the amended petition and in the answer, as well as the admissions made in the pretrial conference, are as follows:

"That on September 12, 1946 the petitioner filed before the Puerto Rico Insular Police Commission an application for a pension on the ground that he was 61 years of age and had served in the Puerto Rico Insular Police for more than twenty-five years, pursuant to the provisions of § 3 of the Act to Establish the Retirement of Members of the Insular Police Force of May 3, 1931; that on October 9, 1946 the Insular Police Commission denied the application for pension filed by the petitioner; that on October 26, 1946 the petitioner, pursuant to § 12 of the Act to Establish the Retirement of the Members of the Insular Police Force of May 3, 1931, appealed to the Governor of Puerto Rico from the decision of the Insular Police Commission denying the application for pension; that the Governor of Puerto Rico annulled the decision of October 9, 1946 rendered by the Puerto Rico Insular Police Commission and remanded the case to said Commission for a public hearing wherein the petitioner would have an opportunity to present evidence or to make whatever allegation he deemed proper within the law before said Commission; that on March 25, 1947, the Insular Police Commission, after hearing the petitioner, ratified its first decision and again denied petitioner's application because at the time petitioner made his application he was not a member of the Insular Police inasmuch as prior to the filing of said application he had been suspended from office and pay and subsequent thereto he had been dismissed from the Puerto Rico Insular Police Force; that the petitioner did not appeal to the Governor of Puerto Rico from the second decision of the Insular Police Commission of March 25, 1947 but appealed directly to this Court in a Mandamus petition."

The Commission answered the amended petition and alleged, as a special defense, that the lower court lacked juris-

diction to take cognizance of this action inasmuch as petitioner had not exhausted the administrative remedy of appealing to the Governor from the second decision rendered by the Commission on March 25, 1947. The court granted the special defense and rendered judgment dismissing the amended petition. The petitioner appealed and alleges that the trial court erred in dismissing the petition on the aforesaid ground.

Section 12 of Act No. 70 to Establish the Retirement of Members of the Insular Police Force, approved May 3, 1931, prescribes, insofar as pertinent, that "An appeal to the Governor shall lie from any action or final order of the Insular Police Commission affecting the rights or interests of any person, or of Porto Rico, under this Act."

In *Nieves* v. *Lutz*, 45 P.R.R. 619, in construing § 9 of the Act to Provide for the Organization, Regulation and the Government of the Insular Police of Puerto Rico, approved March 12, 1908, as amended in 1925, which prescribes that "All discharges, removals, and demotions of sergeants, corporals and guardsmen shall be made by the Insular Police Commission, when in its opinion such action is justified by the circumstances, but such decision as may be adopted by the Insular Police Commission *may be* appealed from by the person prejudiced thereby, to the Governor, who may revoke or confirm the said decision" (Italics ours), we held that mandamus does not lie against the Commission where the administrative remedy of appealing to the Governor from a decision of the Commission has not been exhausted.

This case is applicable. Although the Spanish text in § 12 uses the word "*descansará*" (shall rest) it is obvious that it constitutes an error of translation from the English text which uses the words "shall lie" when referring to the appeal to the Governor, which shows that it is mandatory to comply with the administrative requirement provided therein. It is to be noted that § 9, *supra*, construed in *Nieves* v. *Lutz*, *supra*,

uses the word *"podrán"* (may) and we held that the ad- ministrative remedies should be exhausted before resorting to the courts.

Appellant maintains that a second appeal to the Governor would be idle and a loss of time. We do not agree with him. If the Governor attended the first appeal which petitioner took from the original decision of the Insular Police Commission and remanded the case for a new hearing, appellant is not authorized to presuppose the decision of the Governor on an appeal taken to him from the second decision rendered by the Commission. Furthermore, since the appeal is a statutory requirement, the appellant can not dispense with it and invoke the original jurisdiction of the court in a mandamus petition which clearly does not lie. We have repeatedly held that the administrative remedies should be exhausted before resorting to the courts. *Rivas* v. *Executive Council et al.*, 16 P.R.R. 637; *Pérez* v. *Garrido, Commissioner*, 48 P.R.R. 445; *Peña* v. *Flores*, 58 P.R.R. 773.

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.